## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JID 2013 TRUST HOLDINGS LLLP,<br> 16690 Collins Avenue, Suite #1103<br> Sunny Isles Beach, Florida 33160<br><br> Plaintiff,<br><br> v.<br><br>TORTOISE ENERGY INDEPENDENCE<br>FUND, INC.,<br> 2405 York Road, Suite 201<br> Lutherville Timonium, Maryland 21093<br><br>CONRAD S. CICCOTELLO,<br> 6363 College Boulevard, Suite 100A<br> Overland Park, Kansas 66211<br><br>RAND C. BERNEY,<br> 6363 College Boulevard, Suite 100A<br> Overland Park, Kansas 66211<br><br>H. KEVIN BIRZER,<br> 6363 College Boulevard, Suite 100A<br> Overland Park, Kansas 66211<br><br>ALEXANDRA A. HERGER, and<br> 6363 College Boulevard, Suite 100A<br> Overland Park, Kansas 66211<br><br>JENNIFER PAQUETTE,<br> 6363 College Boulevard, Suite 100A<br> Overland Park, Kansas 66211<br><br>Defendants. | Civil Action No.: 1:24-cv-02004 |

## COMPLAINT FOR DECLARATORY AND EQUITABLE RELIEF

Plaintiff JID 2013 Trust Holdings LLLP ("Plaintiff" or "JID"), for its complaint against

Defendants Tortoise Energy Independence Fund, Inc. ("NDP" or the "Fund") and Conrad S.

Ciccotello, Rand C. Berney, H. Kevin Birzer, Alexandra A. Herger and Jennifer Paquette (the "Director Defendants"), in their capacities as members of the Fund's Board of Directors (the "Board"), alleges the following upon knowledge as to itself and its own actions, and upon information and belief as to all other matters:

1.      This dispute arises out of the Fund's forthcoming annual stockholder meeting scheduled for August 8, 2024 (the "Annual Meeting"). The terms of two incumbent directors, Defendants Paquette and Berney, are expiring and the Fund's Articles of Incorporation require that stockholders vote on replacements as to each at the Annual Meeting.

2.      Plaintiff is a significant stockholder of the Fund and has nominated two new director candidates in light of Defendants' mismanagement of the Fund for over a decade. The Fund has incurred substantial investment losses for years, but the Board has repeatedly renewed the Fund's contract with its investment adviser, Tortoise Capital Advisors, L.L.C. ("Tortoise"), allowing Tortoise to reap millions in fees despite abysmal performance.

3.      Under these circumstances, JID fully expects that stockholders will decisively elect both of its nominees. Because only four members of the five-person Board are non-interested (the fifth director is affiliated with Tortoise), the election of JID's nominees will give the new directors a powerful veto right as to matters being considered solely by the non-interested members, including the renewal of Tortoise's management contract.

4.      To avoid that result—and to maintain their grip over the Fund—Defendants are attempting to orchestrate a scheme pursuant to which (i) Defendant Paquette, one of the incumbents, will not run for reelection; (ii) the Board will reduce its size to four members; and (iii) Defendants will attempt to prevent stockholders from electing more than one director at the Annual Meeting.

5.      While JID would undoubtedly still win the vote following Defendants' scheme, limiting the election to one seat would render the new director powerless to meaningfully influence the management of the Fund, and stockholders would be robbed of their contractual right to replace Defendant Paquette. Defendants' maneuver has nothing to do with the legitimate management of the Fund's business interests and is intended only to buy the incumbents another year of control over the Fund, during which they will formulate an exit strategy.

6.      Defendants' blatant entrenchment and interference in the stockholder election, for their own self-interested purposes, constitutes a breach of their duties to act in good faith and in the best interests of stockholders, including JID. Defendants have no legitimate business rationale to justify their actions, nor have they even attempted to posit one.

7.      This action seeks (Count I) a declaratory judgment, solely as to Defendant NDP, that stockholders are entitled to elect two directors at the Annual Meeting; and (Count II) injunctive relief, as to the Director Defendants, prohibiting them from wrongfully interfering with the stockholder vote at the Annual Meeting.

## I.      **THE PARTIES**

8.      Plaintiff is a Florida limited liability limited partnership.

9.      Defendant Tortoise Energy Independence Fund, Inc. is a Maryland corporation registered with the Securities and Exchange Commission ("SEC") as a closed-end investment company.

10.     Defendant Conrad S. Ciccotello is a non-interested director of the Fund.

11.     Defendant Rand C. Berney is a non-interested director of the Fund whose term is expiring this year.

12.     Defendant H. Kevin Birzer is an interested director of the Fund and an executive of Tortoise, the Fund's investment adviser.

13.     Defendant Alexandra A. Herger is a non-interested director of the Fund.

14.     Defendant Jennifer Paquette is a non-interested director of the Fund whose term is expiring this year.

## II.     JURISDICTION AND VENUE

15.     This Court has jurisdiction over this action pursuant to (i) 28 U.S.C. § 1332(a) because Plaintiff is a limited liability limited partnership with two partners, each domiciled in Florida, and Defendants are each domiciled in states other than Florida, and thus there is complete diversity of citizenship; and (ii) 28 U.S.C. § 2201 because this action seeks a declaration of the rights and legal relations between the parties arising from an actual controversy.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because the Fund is a Maryland corporation and the Director Defendants are directors of a Maryland corporation.

## III.     FACTUAL BACKGROUND

### A.     JID Nominates Two Directors To Address Perennial Underperformance In The Fund

17.     The Fund is overseen by its Board and managed by Tortoise pursuant to an Investment Advisory Agreement that is renewed by the Board annually.

18.     JID is a stockholder that holds approximately 45,629 shares of the Fund's stock, or approximately 2.23% of outstanding stock.

19.     Since its inception in 2013, the Fund, under Tortoise's management, has provided *negative* returns, significantly underperformed its benchmarks and the market generally, and traded at a discount of 10% to 15% less than its net asset value or "NAV."[1]

20.     Despite the Fund's poor performance, the Board has repeatedly renewed Tortoise's management contract on the same terms each year without meaningfully considering alternatives. As a result, Tortoise has collected millions of dollars in management fees, in exchange for abysmal services, and will continue to do so in the future so long as the Board continues to rubberstamp its agreement with the Fund.

21.     The Board is classified and directors serve three-year terms. In connection with last year's annual meeting, the Fund repeatedly disclosed that "[t]he term of each of Rand Berney and Jennifer Paquette expires on the date of the 2024 annual meeting of stockholders of each Company."

22.     Spurred by the inadequacy of current management, in advance of the 2024 Annual Meeting, JID nominated two new directors to replace Defendants Berney and Paquette.

23.     JID's nominees are Gabi Gliksberg, an investment manager, and Aaron Morris, an investment-fund attorney (together, the "Nominees").

24.     On January 4, 2024, JID submitted to the Fund a Notice Of Director Nominations (the "Nomination Notice") pursuant to the Fund's Bylaws.

25.     On January 17, 2024, the Board, through its counsel, stated that it had "concluded that [JID's Nomination Notice], as of the time of their initial submission, appear to satisfy relevant requirements under the Fund's Second Amended and Restated Bylaws."

---

[1] Closed-end funds do not issue and redeem shares directly like open-end funds. Rather, they issue stock in an initial offering, which then trades on a stock exchange. As a result, the shares may trade above (at a premium) or below (at a discount) the fund's net asset value.

**B.**     **Tortoise And The Board Attempt To Entrench**
           **Their Control By Eliminating One Open Director Seat**

26.     Because the five-person Board consists of four non-interested directors, the election of the Nominees, both of whom are non-interested, is critical for both stockholders and management. If the Nominees win both seats, then they will hold two of the four non-interested votes and will have an effective veto right as to matters that require the vote of solely non-interested directors, including the renewal of Tortoise's Investment Advisory Agreement. *See* 15 U.S.C. § 80a-15.

27.     If elected, the Nominees would be in a position to meaningfully contribute to the management of the Fund, and thus the Defendants began to devise a plan to limit that ability, at least for another year.

28.     On May 29, 2024, the Board's counsel informed JID that the Board opposed the election of the Nominees. Further, counsel stated that Defendant Paquette would not seek reelection at the Annual Meeting and, rather than fill her seat, the Board planned to reduce its size to four persons. As a result, the Board would contend that only one director seat is available to be filled at the Annual Meeting.

29.     On June 3, 2024, the Board caused the Fund to disclose, on a Form 8-K, that Defendant Paquette would "not to stand for reelection when her current term expires at the Company's 2024 Annual Meeting of Stockholders," but said nothing about the directors to be elected at the Annual Meeting nor the purported reduction in the size of the Board.

30.     On June 7, 2024, because it was not apparent that the Board had taken any actual action with respect to the size of the Board or the director seats up for election at the Annual Meeting, JID filed with the SEC its preliminary proxy statement soliciting stockholder votes in favor of the Nominees for the two available seats.

31.     On June 21, 2024, the Board caused the Fund to file a preliminary proxy statement stating that only one director will be elected at the Annual Meeting. The Board advocated in favor of the incumbent, Defendant Berney, and stated that "the Board has elected to reduce the total size of the Board of Directors for [NDP] to four directors." However, it remained unclear whether the Board had actually done so.

32.     On June 27, 2024, the Board caused the Fund to file a revised preliminary proxy statement in which the Board clarified that it had not actually reduced the size of the Board yet.

33.     Rather, it anticipated making the change "effective upon *completion* of this year's Annual Meeting." (Emphasis added.) Nevertheless, the Board stated that "only one director nominee will be considered for election at the Annual Meeting and [NDP] stockholders should vote for only one director candidate."

34.     On June 27, 2024, JID sent a letter to the Board, via counsel, demanding that it "cause NDP to revise its preliminary proxy materials to state that two directors will be elected at the forthcoming Annual Meeting." The letter noted that the Board's size remains five persons, it has taken no action to change that, and it has not (and cannot) articulate a legitimate business rationale to reduce the size of the Board. The Board ignored the demand letter and has continued to state to stockholders that only one director will be elected at the Annual Meeting.

35.     The defensive intent of the Board's plan is transparent: JID's Nominees are expected to prevail in the stockholder election given the incumbents' abysmal performance, and limiting the Nominees to one of only three non-interested director seats (instead of two of four seats) is the Defendants' only path to maintain control of the Fund.

36.     This will buy Defendants and Tortoise at least one more year to unilaterally control the Fund, including with respect to the selection of Tortoise as manager, until next year's annual

meeting. In the interim, Defendants will undoubtedly seek an exit plan that is advantageous to them and not necessarily stockholders.

37.     Were the Board to carry out its plan, it would constitute, among other things, a breach of fiduciary duty to stockholders. However, as of today, the Board has not taken action to eliminate any Board seats, and thus its size remains at five with two seats up for election this year.

38.     This action seeks equitable relief ensuring that NDP stockholders are able to exercise their right to elect directors to fill both open seats at the Annual Meeting.

**CAUSES OF ACTION**

**COUNT I**
**Claim For Declaratory Judgment**
**Against Defendant Tortoise Energy Independence Fund, Inc.**

39.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

40.     This Count I for declaratory judgment is alleged solely against the Fund.

41.     As set forth above, the Fund's Board consists of five directors, including Defendants Berney and Paquette. According to the Fund's own statements, the size of the Board has not been reduced and no seats have been eliminated.

42.     The Fund's Articles of Incorporation are a contract governing the Fund and its stockholders. Section 4.1 states unequivocally that "[a]t each annual meeting of the stockholders . . . the successors to the class of directors whose term expires at such meeting *shall be elected to hold office* for a term expiring at the third succeeding annual meeting of stockholders following the meeting at which they were elected" (emphasis added).

43.     As confirmed in the Fund's 2023 definitive proxy statement, "[t]he terms of the directors of the different classes are staggered. The term of each of [Defendants] Rand Berney and

Jennifer Paquette expires *on the date of the 2024 annual meeting of stockholders* of [NDP]" (emphasis added).

44.     Pursuant to the Articles of Incorporation and the Fund's multiple public statements and filings, stockholders are entitled to vote on two directors to replace Defendants Berney and Paquette, whose terms will expire at the Annual Meeting.

45.     Pursuant 28 U.S.C. § 2201 and F.R.C.P. 57, Plaintiff seeks a declaration from this Court that stockholders are entitled to vote on two directors at the Annual Meeting to replace Defendants Berney and Paquette.

46.     Plaintiff seeks all equitable relief necessary to enforce the Court's declaratory judgment pursuant to this Count I.

**COUNT II**
**Claim For Breach Of Fiduciary Duty**
**Against The Director Defendants**

47.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

48.     This Count II for breach of fiduciary duty is alleged solely against the Director Defendants in the event that they take subsequent action to wrongfully interfere in the election, including any effort to manipulate the size of the Board in advance of the election.

49.     Pursuant to Maryland Code, Corps. and Assocs. § 2-405.1, Defendants owe a duty to JID and other stockholders to act in good faith; in a manner reasonably believed to be in the best interests of the corporation; and with the care that an ordinarily prudent person in a like position would use under similar circumstances.

50.     "For at least a half century, the Maryland courts have exercised their equity jurisdiction to consider whether corporate by-laws were invalid under our law, as unreasonable when applied to challenges to the control of corporate boards of directors." *Shaker v. Foxby Corp.*,

No. 24-C-04-007613, 2005 WL 914385, at *3-4 (Md. Cir. Ct. Mar. 15, 2005). Under Maryland law, corporate directors owe "a statutory and common law duty to enact by-laws containing fair voting procedures." *Id.*

51.     To the extent that the Director Defendants have or plan to interfere with and/or manipulate the forthcoming stockholder vote at the Annual Meeting, they have breached their fiduciary duty to stockholders.

52.     Defendants repeatedly acknowledged in public filings that stockholders will vote on two director seats at the 2024 Annual Meeting. Solely for purposes of entrenching their control over the Fund—and *only after* JID made its nominations for the two open Board seats—the Defendants appear to have (i) arranged for Defendant Paquette not to stand for reelection; and (ii) revealed that they plan to reduce the Board's size for purposes of limiting the influence JID may exert after winning the election. There are no conceivable business rationales for Defendants' conduct, nor have they posited one.

53.     Defendants' entrenching conduct is a breach of their fiduciary duty to stockholders to hold a free and fair election, and directly deprives stockholders of their exclusive right to choose the corporate managers responsible for overseeing the Fund.

54.     Plaintiff seeks equitable and injunctive relief, to the extent necessary, to provide for a fair director election at the Annual Meeting, including rescinding any action taken by Defendants to reduce the size of the Board in advance of, or in connection with, the Annual Meeting and prohibiting any action designed to interfere with or manipulate the director election.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A.    Declaring, pursuant to Count I, that stockholders are entitled to vote on two directors at the Annual Meeting to replace Defendants Berney and Paquette, whose terms are expiring;

B.    Enjoining, pursuant to Count II, any action by the Director Defendants to interfere with the fair election of directors at the Annual Meeting, including any effort to manipulate the size of the Board;

C.    Awarding Plaintiff its reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and

D.    Awarding such further equitable, injunctive or other relief as the Court may deem just and proper.

Dated: July 10, 2024

*/s/ Keith M. Lusby*
**GEBHARDT & SMITH LLP**
Keith M. Lusby (Bar No. 05596)
Timothy VanCisin (Bar No. 21538)
One South Street, Suite 2200
Baltimore, Maryland 21202
klusby@gebsmith.com
(410) 385-5028

**MORRIS KANDINOV LLP**
Andrew W. Robertson (*pro hac forthcoming*)
305 Broadway, 7th Floor
New York, New York 10007
andrew@moka.law
(212) 431-7473

*Attorneys for Plaintiff*