UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                                          101 West Lombard Street
**GEORGE L. RUSSELL, III**                                                   Baltimore, Maryland 21201
United States District Judge                                                          410-962-4055

August 1, 2024

MEMORANDUM TO COUNSEL RE:                    JID 2013 Trust Holdings LLLP v. Tortoise
                                                                         Energy Independence Fund, Inc. et al.,
                                                                         Civil Action No. GLR-24-2004

Dear Counsel:

Pending before the Court is Plaintiff JID 2013 Trust Holdings LLLP's ("JID") Motion for Summary Judgment (ECF No. 4) and Defendant Tortoise Energy Independence Fund, Inc.'s ("the Fund") Motion to Dismiss (ECF No. 14). The Court may rule on the motions at this stage of the litigation, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023); Federal Rule of Civil Procedure 12(h)(3).[1] For the reasons set forth below, the Court will grant the Motion to Dismiss and Deny the Motion for Summary Judgment.

**Background**

This action arises out of the Fund's forthcoming annual stockholder meeting scheduled for August 8, 2024 (the "Annual Meeting"). (Compl. ¶ 1, ECF No. 1).[2] The terms of two incumbent directors, Defendants Jennifer Paquette and Rand C. Berney, are expiring, and JID alleges the Fund's Articles of Incorporation require that stockholders vote on replacements as to each at the Annual Meeting. (Id.). JID nominated two directors to serve on the Board. (Id. ¶ 2). Following Paquette's decision not to seek re-election, however, the Fund announced its intention to reduce the size of its Board from five to four, so stockholders will only be able to elect one director at the Annual Meeting. (Id. ¶ 4).

---

[1] Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Indeed, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). To date, JID has yet to file a Reply to the Fund's Opposition to its Motion for Summary Judgment and Request for Speedy Hearing, nor has it filed a Response to the Fund's Motion to Dismiss, despite receiving both briefs on July 26, 2024. The time for filing a Reply and Opposition has not passed. However, for reasons stated in this Opinion, and under Rule 12(h)(3), the Court is satisfied that it lacks jurisdiction to consider this matter. This ruling now allows JID the opportunity to file its Complaint and Motion in the appropriate forum.

[2] Unless otherwise noted, the Court takes the following facts from the Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

JID alleges the Fund intends to reduce the Board (1) in violation of Section 4.1 of the Fund's Articles of Incorporation and (2) for the sole purpose of retaining control of the Board. (Id. ¶¶ 42, 52). JID seeks a declaratory judgment that stockholders are entitled to elect two new directors at the Fund's Annual Meeting and injunctive relief prohibiting the Director Defendants from wrongfully interfering with the stockholder vote at the Annual Meeting. (Id. ¶¶ 45, 54).

JID filed its Complaint on July 10, 2024. (ECF No. 1). JID then filed a Motion for Summary Judgment and Request for a Speedy Hearing on July 11, 2024. (ECF No. 4). The Fund filed a Motion to Dismiss and Opposition to the Motion for Summary Judgment on July 26, 2024. (ECF Nos. 14, 15).

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction by showing the existence of either a federal question under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A plaintiff may establish federal question jurisdiction by asserting a claim that arises from a federal statute or from the United States Constitution. Fed.R.Civ.P. 12(b)(1); 28 U.S.C. § 1331. To show that the claim arises on one of these bases, the federal question must appear "on the face of the plaintiff's properly pleaded complaint." AES Sparrows Point LNG, LLC v. Smith, 470 F.Supp.2d 586, 592 (D.Md. 2007) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). When a party challenges subject-matter jurisdiction, the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

**Analysis**

The Fund argues this action should be dismissed for lack of subject matter jurisdiction because the claims JID alleges fall squarely within the binding forum-selection clause in the Fund's Bylaws. (Mem. Supp. Mot Dismiss ["Mot. Dismiss"] at 22, ECF No. 14-1).[3] The Court agrees for reasons explained below.

---

[3] Citations to the record refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

## A.      Subject Matter Jurisdiction

Forum-selection clauses may be mandatory or permissive. A mandatory forum-selection clause "contain[s] clear language showing that jurisdiction is appropriate only in the designated forum." Davis Media Grp., Inc. v. Best W. Int'l, Inc., 302 F.Supp.2d 464, 467 (D.Md. 2004) (quoting Koch v. Am. Online, Inc., 139 F.Supp.2d 690, 693 (D.Md. 2000)). Alternatively, a permissive forum-selection clause "merely permits jurisdiction in the selected forum without 'precluding it elsewhere.'" Id. The United States Court of Appeals for the Fourth Circuit has explained that an agreement containing a forum-selection clause will not be interpreted as mandatory unless "it contains specific language of exclusion." IntraComm, Inc. v. Bajaj, 492 F.3d 285, 290 (4th Cir. 2007).

The forum-selection clause at issue here is mandatory. Article XV provides:

> Unless the Corporation consents in writing to the selection of an alternative forum, the Circuit Court for Baltimore City, Maryland, or, if that Court does not have jurisdiction, the United States District Court for the District of Maryland, Northern Division, shall be the sole and exclusive forum for (a) any Internal Corporate Claim, as such term is defined in the MGCL, or any successor provision thereof, (b) any derivative action or proceeding brought on behalf of the Corporation, (c) any action asserting a claim of breach of any duty owed by any director, officer, employee or agent of the Corporation to the Corporation or to the stockholders of the Corporation, (d) any action asserting a claim against the Corporation or any director, officer, employee or other agent of the Corporation arising pursuant to any provision of the MGCL or the charter of the Corporation or these Bylaws or federal law, including the Investment Company Act of 1940, as amended, (e) any other action asserting a claim against the Corporation or any director, officer, employee or other agent of the Corporation that is governed by the internal affairs doctrine, or (f) any action brought by or in the right of any stockholder or any person claiming any interest in any shares of stock issued by the Corporation ("Shares") seeking to enforce or invalidate any provision of, or based on any matter arising out of, or in connection with, the charter or these Bylaws of the Corporation, any series or class or any Shares, including any claim of any nature against the Corporation, or any director, officer, employee or agent of the Corporation. None of the foregoing actions, claims or proceedings may be brought in any court sitting outside the State of Maryland unless the Corporation consents in writing to such court.

(Bylaws at 18, ECF No. 14-2).[4]

---

[4] This Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment" because the Fund challenges subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Evans v. B.F. Perkins Company, 166 F.3d 642, 647 (4th Cir. 1999).

The forum-selection clause in this case requires the parties to bring any legal proceeding regarding any "Internal Corporate Claim," or "breach of any duty owed by any director" in the Circuit Court for Baltimore City, Maryland ["Baltimore City Circuit Court"]. (Id.). As such, the Court holds that the forum-selection clause is mandatory.

Such clauses "are prima facie valid" and enforceable unless "shown by the resisting party to be 'unreasonable' under the circumstances." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). A forum selection clause may be found to be unreasonable and unenforceable if "(i) it was induced by fraud or overreaching, (ii) the contractually selected forum is so unfair and inconvenient as, for all practical purposes, to deprive the plaintiff of a remedy or of its day in court, or (iii) enforcement would contravene a strong public policy of the State where the action is filed." Gilman v. Wheat, First Sec., Inc., 692 A.2d 454, 462–63 (Md. 1997).

Here, there is no indication that the forum-selection clause was induced by fraud, or that the forum is unfair and inconvenient. Further, Article XV plainly directs parties to bring internal corporate and breach of fiduciary duty claims, the precise claims JID alleges, in Baltimore City Circuit Court unless (1) the Fund consents in writing to another forum, not present here, or (2) Baltimore City Circuit Court lacks jurisdiction, which it does not, see Maryland Courts & Judicial Proceedings § 1-501 ("Each [Circuit Court] has full common-law and equity powers and jurisdiction in all civil and criminal cases within its county . . . . "). Another court confronted with a substantially similar forum selection clause also found it to be binding and enforceable and dismissed the case accordingly. See Nathanson v. Tortoise Capital Advisors, L.L.C., No. 22-cv-02328-HLT-RES, 2023 WL 1434292, at *2, 5 (D.Kan. Feb. 1, 2023).

"The party challenging a Court's enforcement of a forum selection clause bears the burden of demonstrating that it is invalid." Milani Constr., LLC v. City of Frederick, Maryland, No. JKB-20-2944, 2021 WL 766846, at *4 (D.Md. Feb. 26, 2021). JID fails to acknowledge the forum-selection clause, much less plead facts that call its enforceability into question. Instead, JID contends that this Court has federal question jurisdiction under the Federal Declaratory Judgment Act ("FDJA"), 28 U.S.C. § 2201, and diversity of citizenship under 28 U.S.C. § 1332(a). (Compl. ¶ 15; Pl.'s Mem. L. Supp. Mot. Summ. J. ¶ 14, ECF No. 4-1). The FDJA, however, is not a basis for independent jurisdiction, but instead creates an additional remedy if a matter is already within a federal court's jurisdiction. See 28 U.S.C. § 2201(a). Additionally, even assuming the FDJA is applicable, the Court agrees with the Fund that JID has failed to plead the amount in controversy requirements under 28 U.S.C. § 1332(a). (See Mot. Dismiss at 4).[5] Accordingly, the forum-selection clause is valid and enforceable.

---

[5] It should be noted the Fund also asserts JID has failed to plead the complete diversity requirements under 28 U.S.C. § 1332(a). (See Mot. Dismiss at 4). Additionally, although the Court declines to reach the merits, it notes that Section 4.1 of the Fund's Articles of Incorporation appears to vest the Board with discretion to reduce the size of its Board, (see Articles of Incorporation at 3, ECF No. 4-4), and that the Board's decision is likely protected by the business judgment rule, see Oliveira v. Sugarman, 152 A.3d 728, 736 (Md. 2017). The Court also notes that a speedy hearing is unwarranted under Federal Rule of Civil Procedure 57(b) because, as the Fund notes, JID became aware of the facts underlying this action at least six weeks before it filed its Complaint. (Def.'s Mem. L. Opp'n Pl.'s Mot. Summ. J. at 10, ECF No. 15).

**<u>Conclusion</u>**

For the foregoing reasons, the Motion to Dismiss (ECF No. 14) is GRANTED. The Motion for Summary Judgment (ECF No. 4) is DENIED as Moot. The Complaint (ECF No. 1) is DISMISSED, and the Clerk is directed to CLOSE this case. The Clerk is further directed to MAIL a copy of this Order to JID and counsel of record. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____

George L. Russell, III
United States District Judge

5